## Gatti *v.* Schilare et al.

*Partnership—Sale of—Agreement to indemnify against loss— Promissory note.*

In an action on a promissory note given as consideration of the conveyance of an interest in a partnership, it appeared that the payee had agreed that if the purchasers were unable to continue the business, and were compelled to sell at an amount less than the agreed valuation of the property, such loss would be divided between the parties.

*Held*: That such an agreement did not constitute the payee a guarantor against future losses arising from carrying on the business. His liability did not arise until the defendants quit the business, and only then if they sold the real estate and property passing under the agreement for less than the appraised value. As the defendants still held the real estate covered by the dissolution of partnership agreement, they had no claim for indemnity against the plaintiff under the provision above mentioned, and it constituted no defense to the plaintiff's demand based on the note.

Argued April 26, 1927. Appeal No. 105, April T., 1927, by defendants from order of C. P. Allegheny County, July T., 1926, No. 4041, in the case of Pompilio Gatti v. Louise Schilare and Carmelo Schilare. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Petition for leave to appeal from judgment of County Court. Before MILLER, JONES and McKINN, JJ.

The Court dismissed the petition. Petitioners appealed.

*Error assigned*, among others, was the decree of the Court.

*M. A. Musmanno*, for appellants.

*Louis J. Bloch*, for appellee.

OPINION BY KELLER, J., July 8, 1927:

The Court of Common Pleas of Allegheny County refused to allow an appeal from the judgment of the County Court in an action of assumpsit. Defendants have appealed to this Court from the order refusing such appeal.

The action was based on a promissory note for $1200 dated June 16, 1922, payable three years after date, given by defendants to plaintiff in consideration of his conveyance to them of all his interest in a certain bak-

ery business and property owned and conducted by the three parties as partners.

The agreement which provided for the transfer of plaintiff's interest in the partnership real estate and business and his retirement from the firm is in writing and, while inartistically drawn, its meaning and intent are not in doubt. It valued the gross property and business of the partnership at $15,000, and provided that if defendants, who were to assume all the debts against the property and business, were unable to continue the business and had to sell at a loss—that is for less than $15,000—, such loss would be equally divided between the plaintiff and the defendants, the plaintiff paying one half and the defendants the other half.

It is clear that the agreement, which was prepared to effect the plaintiff's retirement from the firm, did not constitute him a guarantor against future losses arising from carrying on the business. His liability did not arise until the defendants quit the business, and only then if they sold the real estate and bakery business passing under the agreement for less than $15,000. As the defendants still hold the real estate covered by the dissolution of partnership agreement they have no claim for indemnity against the plaintiff under the provision above-mentioned, and it constituted no defense to the plaintiff's demand based on the note aforesaid. The trial court did not err in directing a verdict for the plaintiff, nor the Court of Common Pleas in refusing an appeal.

The order is affirmed at the costs of the appellants.